(Opinion published 52 N. W. Rep. 277.)

---

PAUL SHARVEY *vs.* AMASA RUST *et al.*

Argued May 6, 1892. Decided May 24, 1892.

Estoppel.
Facts *held* not to constitute an estoppel *in pais.*

Appeal by defendants, Amasa Rust and George L. Burrows, from an order of the District Court of St. Louis county, *Ensign,* J., made August 22, 1891, denying their motion for a new trial.

Gibbs and Mallet owned a quantity of land in Lake county, Minnesota, on which was a mortgage to Albert Weiland and associates. This mortgage was foreclosed by action, in the District Court, and the land was sold, pursuant to the judgment, and was

bid in by Albert Weiland, February 6, 1888, for $42,862.22. White, Shannon & Reynolds afterwards recovered a judgment against the mortgagors, and filed notice of intention to redeem. On February 8, 1889, they assigned this judgment to Rust and Burrows, the defendants in this action. They on that day presented to the plaintiff, Paul Sharvey, Sheriff of St. Louis county, the requisite evidence of their right to redeem, and paid him $45,895.33, and received a certificate of redemption. Sharvey had just come into office, and had at that time very little knowledge of his duties and fees. He asked Mr. White, in whose office the redemption was being made, what sum he was entitled to for fees in the matter, and was told $6. Defendants thereupon paid him that sum, and he delivered to them his certificate of redemption.

Defendants had in fact agreed with Gibbs and Mallet, prior to this redemption, to purchase the land of them for $51,500, and get the title by such redemption. After paying the mortgage debt, and the judgment lien, and all taxes, and expenses of redemption, they were to pay over the residue of this purchase price, to Gibbs and Mallet. Pursuant to this agreement they paid for the judgment $2,426.70 and for taxes $560.12, and believing that the $6, so paid the plaintiff was in full of sheriff's fees, they paid the balance, $2,611.85, to Gibbs and Mallet.

The plaintiff soon after learned, what amount of fees he was by law entitled to, and brought this action to recover the balance, $428.62. The defendants answered that he was estopped by his statement to them that his fees were $6; that they relied on this statement; and paid over the balance of the $51,500 to Gibbs and Mallet. It did not appear on the trial that the sheriff knew, or had notice, of the agreement with Gibbs and Mallet, or that he had any intention to deceive or mislead any one, by asking for and taking the $6.

The action was tried, by consent, before the Court without a jury, and on July 20, 1891, findings were filed and judgment ordered for the plaintiff, for the amount he claimed.

*Draper, Davis & Hollister*, for appellants.

*W. W. Billson*, for respondent.

GILFILLAN, C. J. The elements of estoppel are wanting in this case. We need mention but one that is essential to an estoppel *in pais*, which is not in the case. There was no intention to mislead, and, under the circumstances, the plaintiff is not chargeable with culpable negligence in stating that his fees were $6, instead of what they actually were,—some $434. The redemption was made under a judgment in favor of White, Shannon & Reynolds, and made in their name. They were the ostensible, and, as far as plaintiff knew, the real, parties redeeming, and only parties interested in making the redemption. When he was advised by one of those parties that his fees were six dollars, he himself not knowing what they were, and when he, because so advised, stated them at that amount, neither they, nor any one claiming through them, could charge him with negligence in so stating.

Order affirmed.